**45D02-2401-CT-000056**

Lake Superior Court, Civil Division 2

Filed: 1/11/2024 4:33 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE LAKE _____ COURT |
| ) SS: | | |
| COUNTY OF LAKE ) | | _____, INDIANA |

KIMBERLY HAYES,  )
        Plaintiff, )
         )
vs. )
         )  CAUSE NO.:
STATE FARM FIRE AND CASUALTY )
COMPANY, KUSTOM US, INC. a/k/a )
CAT 5 RESTORATION, )
        Defendants. )

## COMPLAINT

Comes now the Plaintiff, Kimberley Hayes, by counsel, by Kristina L. Garza, and for her Complaint against the Defendants, State Farm Fire and Casualty Company and Kustom US, Inc., and alleges and states as follows:

1. That at all relevant times herein, the Plaintiff is a resident of Lake County, Indiana and the owner of real estate, located at 15455 Hendricks Street, Lowell, Indiana 46356.

2. That at all relevant times herein, Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "State Farm") is a company duly authorized to conduct business in Lake County, Indiana.

3. At all relevant times herein, Defendant, Kustom, Inc. a/k/a Cat 5 Restorations (hereinafter referred to as "Kustom") is a company with its principal place of business located at 11560 184th Place, Suite A, Orland Park, IL 60467 and duly authorized to conduct business in Lake County, Indiana.

4. That at all relevant times herein, Plaintiff's property was insured by State Farm under policy number 14-BWP224-6, which contains provisions for insurance coverage for losses

and damages sustained to Plaintiff's dwelling, structures, its contents including Plaintiff's personal property.

5. That on or near January 11, 2022, Plaintiff suffered loss and damage to her real estate and household contents, including personal property, as the result of pipes bursting in the property.

6. That on May 10, 2022, Plaintiff entered into a written agreement with Kustom for the repair and restoration of Plaintiff's property.

7. That Defendant, State Farm, has made partial payment for the restoration of Plaintiff's property but refuses to pay the remaining portion of Plaintiff's claim for the restoration and the personal property claim as the repairs have not been completed within two (2) years of the date of loss.

8. That although Defendant, Kustom, has been paid for their repairs, the repairs have not been completed, and as the result of its delay, Defendant, State Farm Fire and Casualty Company, refuses to pay the remaining portions of Plaintiff's claim for damages to the real estate and personal property claim.

9. Plaintiff has been forced to commence litigation against State Farm Fire due to its delay in settling the claim for structural and personal property loss and Kustom's delay in completing the necessary repairs.

10. That due to State Farm's refusal to remit payment for the remaining portions of Plaintiff's claim and the failure of Kustom to complete the necessary repairs, Defendants have breached their contracts with Plaintiff.

11. That State Farm's refusal to honor the terms of the referenced policy issued to Plaintiff has not been the result of a mistake, honest error or judgment, overzealousness or

other non-iniquitous human failing, but rather has been the result of malicious, oppressive or fraudulent conduct.

12. That the public interest will be served by an award of punitive damages against the Defendant, State Farm.

13. That Kustom's retention of insurance proceeds and its continued failure to perform the necessry repairs for which it has been paid, constitutes conversion as defined by I.C. 35-43-4-3 and theft as defined by I.C. 35-43-4-2.

14. That as a direct and proximate result of one or more of the foregoing knowing and intentional actions of Kustom, Plaintiff suffered and continues to suffer pecuniary damages.

15. That pursuant to I.C. 34-24-3-1, Plaintiff suffered a pecuniary loss, and therefore, is entitled to treble damages and attorney fees.

    (1) An amount not to exceed three (3) times the actual damages;

    (2) The costs of the action;

    (3) A reasonable attorney's fee;

    (4) Actual travel expenses that are not otherwise reimbursed under subdivisions (1) through (3) and are incurred by the person suffering loss to:

        (A) File papers and attend court proceedings related to the recovery of a judgment under this chapter; or

        (B) Provide witnesses to testify in court proceedings related to the recovery of a judgment under this chapter; and

    (5) A reasonable amount to compensation for the loss for time used to:

        (A) File papers and attend court proceedings related to the recovery of a judgment under this chapter; or

(B) Travel to and from activities described in clause (A).

(6) Actual direct and indirect expenses incurred to compensate employees and agents for time used to:

(A) File papers and attend court proceedings related to the recovery of a judgment under this chapter; or

(B) Travel to and from activities described in clause (A).

(7) All other reasonable costs of collection.

***WHEREFORE***, Plaintiff seeks judgment against Defendants in an amount sufficient to compensate for all damages resulting from the Defendants' breaches of contract, for an award of punitive damages, for an award of attorney fees and all other relief just and proper in the premises.

*Respectfully submitted,*

BY: _____
Kristina L. Garza #22971-45
11045 Broadway, Suite D
Crown Point, IN 46307
(219) 791-9836
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury.

*Respectfully submitted,*

BY: _____
Kristina L. Garza #22971-45
11045 Broadway, Suite D
Crown Point, IN 46307
(219) 791-9836
Attorney for Plaintiff